**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**SHERRY RAPOSO,**

               **Plaintiff,**

**-vs-**                                          **Case No. 6:09-cv-787-Orl-22KRS**

**REEDY CREEK IMPROVEMENT
DISTRICT,**

               **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **PLAINTIFF'S RENEWED MOTION TO APPROVE SETTLEMENT (Doc. No. 17)**
>
> **FILED:**     **November 20, 2009**

**I. PROCEDURAL HISTORY.**

This case was brought by Plaintiff Sherry Raposo under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* Doc. No. 1. Raposo and Defendant Reedy Creek Improvement District seek the Court's approval of their settlement and dismissal of the case with prejudice. Doc. No. 17.

On November 20, 2009, the parties filed the above-referenced joint motion, along with a sworn declaration of Deborah Frimmel, Esq. Doc. Nos. 17, 17-3. The parties seek the Court's approval of a settlement in the amount of $10,000.00 to be disbursed as follows: $6,600.00 to Raposo

for unpaid overtime compensation, and $3,400.00 to KM Jackson Law Firm, P.A., for attorney's fees and costs. Doc. No. 17-2 at 3. The matter has been referred to me for report and recommendation. Doc. No. 13. As the motion is unopposed, and Attorney McCoy has filed the required declarations and time records, it is ripe for consideration.

**II.     APPLICABLE LAW.**

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." In *Silva v. Miller*, 307 F. App'x 349 (11th Cir. 2009),[1] the Eleventh Circuit observed that the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Id.* at 351 (quoting *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946)). Therefore, in any case where a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim within the meaning of *Lynn's Food Stores*.

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 307 F. App'x at 351. If the Court finds the

---

[1] The Court recognizes, as it has in the past, that the Eleventh Circuit's unpublished opinions represent persuasive authority, rather than binding precedent. *See* 11th Cir. R. 36-2 and I.O.P. 6.

payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fee to a reasonable amount.

**III.　ANALYSIS.**

In her answers to the Court's interrogatories, Raposo averred that she was owed $6,412.50 in unpaid overtime compensation and an equal amount in liquidated damages, for a total of $12,825.00. Doc. No. 10-2 at 2. Raposo agreed to settle her FLSA claim for $6,600.00. This amount represents unpaid overtime compensation, and no liquidated damages are being paid to Raposo.

The parties represent that they had a bona fide dispute, and that Defendant asserts that it had reasonable grounds to believe it was in compliance with the FLSA and did not act in willful violation of the FLSA. Doc. No. 17 at 1. They assert that they engaged in settlement discussions relying upon their independent calculations, and agreed to resolve the matter to avoid the cost and time of litigating the issues, as well as the risks associated with continued litigation. *Id.* at 2. They assert they were represented by counsel throughout the litigation, and agreed to the terms of the settlement after they were counseled by their attorneys. *Id.*; Doc. No. 17-2 at 8.

The settlement agreement reflects that the parties entered into the agreement knowingly and voluntarily, after having the opportunity to discuss the agreement with their counsel. Doc. No. 17-2 at 1, 8. The parties assert that Raposo's attorney "shall not receive any portion of the $6,600.00 [Raposo] is to receive as unpaid wages." Doc. No. 15 at 5.

Because Raposo will receive less than the amount she claimed to be owed under the FLSA, she has compromised her claim. Therefore, the Court must separately consider whether the compromise of the amount paid to Raposo and the payment to her attorney were reasonable.

-3-

The FLSA mandates that in any action brought by an employee to enforce § 206 or § 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated, "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id.* at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

The parties have agreed to pay $3,400.00 to the KM Jackson Law Firm, P.A., for attorney's fees and costs. Doc. No. 17-2 at 3. According to the time sheets attached to his sworn declaration, Attorney McCoy expended 16.5 hours in this case at a rate of $275.00 per hour, totaling $4,537.50 in attorney's fees. Doc. No. 17-4. McCoy averred that costs in the amount of $385.00 were incurred in this case, Doc. No. 15-3 at 2, for a total of $4,922.50 in fees and costs.

Deborah Frimmel, Esq., averred that she has been admitted to practice law in Florida since 1996 and has practiced exclusively employment law in central Florida for thirteen years. Doc. No. 17-3 ¶ 3. Frimmel averred that she is professionally acquainted with Attorney McCoy, who has been practicing employment law for seven years. *Id.* ¶ 4. She opined that McCoy's hourly rate of $275.00 is reasonable and customary for an employment law practitioner with McCoy's experience and expertise, and that the rate is comparable to other employment practitioners with the same experience in the central Florida community. *Id.* ¶ 5. Frimmel reviewed McCoy's invoice for the instant case and opined that the number of hours expended by McCoy were reasonable and customary for this type of claim and the amount of Raposo's recovery, and that the amount of time McCoy spent on each task

was reasonable and within the normal range of time it would take for similarly experienced attorneys to complete such tasks. *Id.* ¶ 6.

The Court has reviewed Frimmel's affidavit and the supporting evidence. Based on Frimmel's averments, I find that the hourly rate sought for McCoy is reasonable, in the absence of objection. After deduction of any noncompensable, clerical work, excessive time, and duplicative work, I find that the reasonable attorney's fees and taxable costs exceed the amount that counsel will recover under the settlement agreement. Accordingly, I find that the settlement is a fair and reasonable resolution of this case.

The Court need not approve the other provisions of the settlement agreement. I note that the settlement agreement contains terms that this Court would not approve, such as the confidentiality agreement, Doc. No. 17-2 at 6-7, in light of the public filing of the agreement. Accordingly, I recommend that the Court not approve the settlement agreement as a whole or reserve jurisdiction to enforce it.

**IV. RECOMMENDATION.**

Based upon the foregoing, I respectfully recommend that the Court do the following:

1. **GRANT** in part Plaintiff's Renewed Motion to Approve Settlement, Doc. No. 17;

2. **FIND** that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions," *Lynn's Food Stores*, 679 F.2d at 1354;

3. **DECLINE** to reserve jurisdiction to enforce the settlement agreement;

4. **PROHIBIT** counsel for Raposo from withholding any portion of the $6,600.00 payable to Raposo under the settlement agreement pursuant to a retainer agreement or otherwise;

5. **ORDER** counsel for Raposo to provide a copy of the Court's Order to Raposo; and

6. **DISMISS** the case with prejudice and **DIRECT** the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 1, 2009.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy